No. 85-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

KRISTINA BIRKY,

Plaintiff and Appellant,

-vs-

DIANE JOHNSON and COMMERCIAL UNION
INSURANCE COMPANY, STEVEN SIDERIUS
AND NATIONAL FARMERS UNION INSURANCE
COMPANY,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable E. Gardner Brownlee, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Astle & Astle; David L. Astle, Kalispell, Montana

For Respondents:

Murphy, Robinson, Heckathorn & Phillips; I. James
Heckathorn, Kalispell, Montana   (Johnson)
Hash, Jellison, O'Brien & Bartlett; Kenneth E.
O'Brien, Kalispell, Montana   (Siderius)
S. Y. Larrick, Kalispell, Montana   (Nat'l Farmers
Union Ins.)
Garlington, John & Robinson; Wm. Evan Jones, Missoula,
Montana   (Commercial Union Ins.)

---

Submitted on Briefs: Dec. 11, 1985

Decided:  March 20, 1986

Filed: MAR 20 1986

_Ethel M. Harrison_

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Kristina Birky, appeals from the order of the District Court, Eleventh Judicial District, County of Flathead, granting the motion for summary judgment of respondent, Steven Siderius. The District Court certified its order for appeal by order dated July 12, 1985.

This action arises out of a multiple vehicle collision. The basic facts established by the pleadings, depositions and affidavits disclose the following: On May 8, 1982, Birky was driving her vehicle west on U.S. Highway No. 2. She was followed by a vehicle driven by Siderius. As the Birky and Siderius vehicles approached the intersection of U.S. Highway No. 2 and LaSalle Road they were traveling at a speed of approximately 35 to 40 miles an hour and the Siderius vehicle was approximately four to five car lengths behind the Birky vehicle.

As Birky and Siderius approached the intersection, a vehicle driven by Diane Johnson pulled out of the Snappy's Sports Center parking lot and crossed the west bound traffic lanes directly in front of the Birky vehicle. Birky applied her brakes and left 33 feet of skid marks before striking the Johnson vehicle. The Siderius vehicle pulled to the left into the left turn bay in an effort to avoid the collision. When the Johnson and Birky vehicles collided, however, the rear of the Birky vehicle swung also to the left, and the rear of the Birky vehicle and the side of the Siderius vehicle collided.

The investigating patrolmen and Birky all agreed that if the Johnson vehicle had not pulled in front of the Birky

vehicle, no accident would have occurred. Both of the Highway Patrolmen were also of the opinion that the proximate cause of the accident was the action of Johnson in failing to yield the right of way, and no actions of Siderius were a proximate cause of the accident. Further, after the accident, Johnson acknowledged that the accident was her fault, and she received a citation for failure to yield the right of way. No citations were issued to Siderius. Two eyewitnesses to the collision were also of the opinion that Siderius had done everything to avoid the accident and that Siderius was not at fault.

It was Birky's opinion that Siderius couldn't have been cautious or he wouldn't have struck her. Birky, however, agreed that since she didn't see the Siderius vehicle that eyewitnesses would be in a much better position to judge the conduct of Siderius.

The record also indicates that neither the Siderius vehicle nor the Birky vehicle were speeding.

Birky raises only one issue on appeal: whether the District Court erred in granting summary judgment to Siderius on the issue of negligence.

The purpose of summary judgment procedure is to encourage judicial economy by eliminating unnecessary trials, and it is proper under Rule 56(c), M.R.Civ.P., only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510; Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 898, 37 St.Rep. 1500, 1502.

It is well established that a party moving for summary judgment has the burden of showing a complete absence of any

# CORRECTION

Date 3/21/86

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

Please make the following correction in the opinion in the case of:

Title: Birky v Johnson, et al.

No. 85-330

Vol. _____ Rptr. _____ Page 5

In first/second column, lines 8,6,4 from top-bottom

Siderius' duty toward her. the granting . . .
Birky also raises . . . Siderius' notice
of appeal . . . previously denied Birky's
motion to . . .

should read Siderius' duty toward her. The
granting . . .
Siderius raises the issue that
Birky's notice . . . previously denied Siderius'
motion

Signed Pam Chapman Otto

The expense of making changes is such that we cannot undertake it for items of merely typographical style.

West Publishing Co.

N182c

genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. Cereck, 195 Mont. at 411, 637 P.2d at 511; Reaves, 615 P.2d at 898, 37 St.Rep. at 1502; Harland v. Anderson (1976), 169 Mont. 447, 450, 548 P.2d 613. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment. Cereck, 195 Mont. at 411, 637 P.2d at 511; Reaves, 615 P.2d at 898, 37 St.Rep. at 1502; Mally v. Asanovich (1967), 149 Mont. 99, 105, 423 P.2d 294, 297.

When a duty is imposed upon the defendant and the plaintiff's allegations, if proven, would support a finding of a breach of the duty, summary judgment is improper. Cereck, 195 Mont. at 412, 637 P.2d at 511; Rennick v. Hoover (1980), 186 Mont. 167, 170, 606 P.2d 1079, 1081.

In Montana the duty imposed upon the driver of a following vehicle is set forth at § 61-8-329(1), MCA which provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

In construing § 61-8-329(1), MCA, this Court has held that the primary duty of avoiding a collision rests upon the following driver. Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 518 P.2d 257.

This Court, however, has never addressed the situation, as here, where the following vehicle is required to make an emergency stop when the motorist ahead collides unexpectedly with another motorist.

> In some jurisdictions statutes prescribe the distance to be maintained by a motor vehicle from the one ahead,. . . in general language, such as a

"reasonable and prudent" distance from the vehicle ahead, or a reasonable and prudent distance with regard to the speed of the other vehicle and the traffic upon and condition of the roadway, . . . Generally, then, the law, in effect, requires that where two motorists are operating vehicles proceeding in the same direction, the motorist to the rear keep a safe distance behind the motorist ahead, so as to avoid collision with the vehicle ahead when it is being driven in accordance with the law of the road. It has been said that the motorist to the rear must keep such distance from the motorist ahead and maintain such observation of him that an emergency stop may be safely made, although the motorist to the rear need not anticipate an emergency stop required when the motorist ahead collides unexpectedly with another motorist. (Emphasis added.)

7A Am.Jur.2d Automobiles and Highway Traffic § 261 (Rev. 1980).

In the instant case, Birky claims that the mere fact that Siderius rear-ended her is prima facie evidence that Siderius was following more closely than was reasonable and prudent in breach of the duty imposed upon him by § 61-8-329(1), MCA. In light of the above-cited authority, and the facts about which there is no genuine issue, the claim made by Birky would not support a finding of breach of Siderius' duty toward her, the granting of summary judgment was proper.

Siderius also raises the issue that Birky' notice of appeal was not timely filed. We, however, decline to discuss this issue, having previously denied Siderius motion to dismiss this appeal on those grounds by order of this Court dated September 17, 1985.

We affirm the District Court.

John G. Sheehy
Justice

We Concur:

- 5 -

_____
Chief Justice

_____

_____

_____

_____
Justices