No. 87-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

BUTLER R. EITEL,

Plaintiff and Respondent

-vs-

JOHN R. RYAN, SR.,

Defendant and Appellant

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County Ravalli,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Howard C. Greenwood, Hamilton, Montana

For Respondent:

Paul C. Meismer; Garlington, Lohn & Robinson,
Missoula, Montana

---

Submitted on Briefs: February 4, 1988

Decided:

Filed: MAR 1 8 1988

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

John R. Ryan, Sr., appeals from the order of the Ravalli County District Court granting Butler R. Eitel's motion for summary judgment. We affirm.

Butler Eitel (Eitel) and his wife, Priscilla Eitel, reside in South Dakota and own approximately forty acres of agricultural property in Ravalli County, Montana. In a letter dated May 11, 1984, Eitel offered to lease the forty acres to John Ryan (Ryan) for $3,500 per year. Ryan accepted the lease terms in a May 23, 1984, letter to Eitel. Eitel did not receive any lease payments from Ryan from April, 1984, to May, 1986. On June 17, 1986, Eitel filed suit in Ravalli County for recision of the lease, possession of the property and damages.

On July 14, 1986, Ryan, appearing pro se, answered Eitel's complaint. Thereafter, Eitel's attorney scheduled the taking of Ryan's deposition for October 28, 1986, and sent notice of the deposition to Ryan on October 21, 1986. The deposition was reset for November 3, 1986, to accommodate Ryan's schedule.

On October 24, 1986, Eitel's attorney filed a motion for summary judgment and notice of hearing along with an amended notice of deposition and subpoena. These documents were served upon Ryan by the Ravalli County Sheriff's Office on October 31, 1986. On November 3, 1986, the morning Ryan's deposition was scheduled to be taken, Ryan telephoned Eitel's attorney and requested another resetting of the deposition. Eitel's attorney refused to reschedule and told Ryan that the deposition was needed to prepare for the summary judgment hearing on November 5, 1986. Ryan arrived early for the deposition and informed the court reporter that her services

2

would not be needed because the deposition had been cancelled. Both the court reporter and Ryan then left. Eitel's attorney traveled from Missoula to Hamilton for the deposition only to find no one else in attendance.

Two days later, Ryan failed to appear at the November 5, 1986, summary judgment hearing. At that hearing, a local attorney, Patricia Brolin-Ribi, moved for a continuance on Ryan's behalf, but admitted to the District Court that she did not represent Ryan. Apparently Ryan had contacted Brolin-Ribi about representing him, but she had declined. Bolin-Ribi's motion for continuance was denied. On November 10, 1986, the District Court granted Eitel's motion for summary judgment and awarded Eitel possession of the property. The District Court also awarded Eitel $7,159.70 in past due lease payments which reflects a credit to Ryan for $1,298.83 in repair costs made during the lease period.

On November 20, 1986, Ryan moved for a stay of execution and retrial on the grounds that the documents served upon him did not contain any reference to the November 5th summary judgment hearing and because, as a pro se litigant, he should be excused from compliance with court rules. Ryan next requested that Judge Douglas G. Harkin withdraw from the case on the grounds that Ryan's previous associations with the Judge would not allow Judge Harkin to "give [Ryan] a fair trial." Judge Harkin treated Ryan's request as a motion to disqualify for cause pursuant to § 3-1-802, MCA (1985), and requested that this Court appoint another district judge to hold a disqualification hearing.

We appointed the Honorable Frank M. Davis to hear Ryan's motion to disqualify Judge Harkin for cause. Judge Davis held a disqualification hearing on February 9, 1987, found no evidence of bias or prejudice, and stated that "Ryan's belief to the contrary is unsubstantiated and without

3

merit." Ryan's affidavit of disqualification for cause was dismissed and Judge Harkin was revested with jurisdiction.

On March 23, 1987, the District Court conducted a hearing to ascertain whether Ryan had in fact been given adequate notice of the November 5, 1986, summary judgment hearing. Ryan, appearing pro se, called and questioned Eitel's attorney and the sheriff's deputies who performed the service of process. From the evidence presented at this hearing, the District Court found that Ryan had been served with notice of the November 5th hearing and that Ryan had actual knowledge of the hearing from his telephone conversation with Eitel's attorney on November 3, 1986. The District Court accordingly denied Ryan's November 26, 1986, motion for stay of execution and retrial. This appeal followed.

Ryan presents the following five issues for our review:

1. Does personal service of a motion for partial summary judgment and the notice of hearing upon a party by a sheriff's deputy at 2:15 p.m., Friday, October 31, 1986, setting a hearing on the motion the following Wednesday, November 5, 1986, meet the requirements of Rule 56(c), M.R.Civ.P., which requires that a motion for summary judgment shall be served at least ten days before the time fixed for hearing?

2. Can a summary judgment granted by default for failure of the other party to appear stand if service of the motion for summary judgment did not comply with the requirements of Rules 56(c) and 6(d), M.R.Civ.P.?

3. Is the finding of the District Court that no material issue of fact existed when it granted plaintiff's motion for summary judgment supported by the evidence?

4. Did the District Court decide issues of material fact in making its finding that no material issue of fact

4

existed when it granted the plaintiff's motion for summary judgment?

5. Was the service of an amended notice of deposition with a subpoena duces tecum served at 2:15 p.m., Friday, October 31, 1986, setting the time of taking the deposition at 10:00 a.m. the following Monday, November 3, 1986, "reasonable notice" as required under Rule 30(b), M.R.Civ.P.?

At the outset we must note that Ryan's first, second, and fifth issues were not raised at the District Court and are raised for the first time on this appeal. This Court recognizes that untimely objections regarding the notice requirements of Rule 56(c), M.R.Civ.P., serve to waive any defect. Llera v. Wisner (1976), 171 Mont. 254, 266-267, 557 P.2d 805, 812-813. We also recognize that issues raised for the first time on appeal are untimely and will not be addressed by this Court. Scofield v. Estate of Wood (Mont. 1984), 683 P.2d 1300, 1302, 41 St.Rep. 1212, 1215. Accordingly, Ryan's issues one, two, and five will not be addressed.

Ryan's third and fourth issues are dispositive of this appeal. Summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. "The party moving for summary judgment has the burden of establishing the absence of any genuine issue of material fact and the party opposing the motion must come forward with evidence supporting the existence of a genuine fact issue." Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 315, 597 P.2d 58, 60. We will review the pleadings, affidavits, answers to interrogatories and admissions on file to determine whether summary judgment is proper. Westmont Tractor Co. v. Continental I, Inc. (Mont. 1986), 731 P.2d 327, 328, 43 St.Rep. 2380, 2381.

Ryan makes reference to his answer to the complaint in this action to argue that he has raised sufficient genuine issues of material fact. However, Ryan, as the party opposing summary judgment, may not depend "upon the mere allegations of his pleadings," and he had "an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is a genuine issue of material fact for trial." Drug Fair Northwest v. Hooper Ent., Inc. (Mont. 1987), 733 P.2d 1285, 1287, 44 St.Rep. 435, 437. In addition, the conclusory and speculative statements contained in Ryan's answer are insufficient to raise a material issue of fact. B.M. by Berger v. State (Mont. 1985), 698 P.2d 399, 401, 42 St.Rep. 272, 274-275.

Ryan contends that the letters attached to his answer to Eitel's complaint establish that there was no lease or that the lease terms periodically changed between 1984 and 1986. We have reviewed the entire record, including the letters in question, and find nothing to raise a genuine material issue of fact with which to justify reversal of this case. The District Court correctly concluded that a valid lease agreement had been entered into between Ryan and Eitel. Ryan admittedly never made any lease payments in the two-and-one-half years he occupied and used Eitel's property.

In addition to the pleadings in the matter, Eitel's motion for summary judgment was supported by his own affidavit and an affidavit from Priscilla Eitel. These affidavits established that a lease had been entered into by the parties, that Ryan was to pay Eitel $3,500 per year in lease payments, and that Eitel never received any payments from Ryan. Ryan now claims that these two affidavits were improperly filed, untimely, and that the District Court should not have considered them in its determinations. This is the first time Ryan has objected to the use of these

6

affidavits. We reiterate that issues raised for the first time on appeal are untimely and will not be addressed by this Court. Scofield, 683 P.2d at 1302. It is entirely too late for Ryan to complain about the District Court's consideration of these affidavits. Schy v. Susquehanna Corp. (7th Cir. 1970), 419 F.2d 1112, 1116, cert. denied, (1970), 400 U.S. 826.

Ryan's final argument is that the District Court decided issues of fact in granting summary judgment. While it is improper for the District Court to resolve disputed issues of material fact, our review of the record leads us to the conclusion that the District Court did not make such a mistake. We hold that the District Court correctly granted Eitel's motion for summary judgment.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7