No. 88-77

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

------

RAMONA MEDDERS and RICHARD MEDDERS,

       Plaintiffs and Appellants,

-vs-

ARNOLD JOYES,

       Defendant and Respondent.

------

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kevin T. Sweeney, Sweeney & Healow, Billings, Montana
David Cybulski, Plentywood, Montana

    For Respondent:

        Habedank, Cumming & Best; ~~Jacque Best~~, Sidney, Montana
Robert J Savage

------

Submitted on Briefs:  July 14, 1988

Decided:  August 9, 1988

Filed:  AUG 9 1988

*Ethel M. Harrison*

------

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Ramona and Richard Medders (the Medders) appeal a Sheridan County District Court grant of summary judgment to Arnold Joyes (Joyes). We affirm.

On May 27, 1984, vehicles driven by Ramona Medders and Arnold Joyes collided on a well graveled and recently graded county road in Sheridan County, Montana. Medders was traveling north and Joyes was traveling south on the county road. The head-on collision occurred at the crest of a hill at approximately 3:00 p.m. in good weather. Sheridan County Deputy Sheriff Brost (Brost) arrived at the accident scene at approximately 4:00 p.m. to find Ramona Medders and her eleven-year-old daughter, Tracie, trapped in their 1979 Chrysler Cordoba. Brost also found Joyes at the wheel of his 1984 Ford Bronco II and Arnold's wife, Iris Joyes, unconscious in the front passenger seat. All four accident victims were subsequently transported by ambulance to a Plentywood hospital where Iris Joyes later died of injuries she sustained in the accident.

Brost conducted an examination of the accident scene and noted his findings on a State of Montana accident investigation report form. Sheriff Holt (Holt) photographed the accident scene before the vehicles were moved. Brost determined that the gravel road was twenty-two feet wide at the point of impact, and that the eastern edge of the skid mark left by the right rear tire of the Medders' vehicle was twelve feet from the eastern edge of the road. The eastern most edge of the skid mark made by the left rear tire of the Joyes' vehicle was twelve feet nine inches from the eastern edge of the road. The Medders' vehicle left a skid mark

2

twenty-nine feet long and the Joyes' vehicle left a twenty-one foot five inch skid mark. The acccident occurred just to the north side of the crest of a hill with the Joyes' vehicle nearing the crest and the Medders' vehicle on the downhill side.

Sheriff Holt's photographs portray the two vehicles where they settled after recoil from the force of the impact. The rear end of both vehicles shifted to the east immediately after impact. Brost determined that the two vehicles collided primarily on the left front halves and noted the position of the two vehicles at impact on his accident investigation report and deposition diagrams. Officer Brost's calculations and Sheriff Holt's photographs place the Medders' vehicle in the lane of traffic properly occupied by the Joyes' vehicle immediately before impact.

On March 5, 1986, the Medders filed a complaint alleging that Arnold Joyes operated his vehicle in a negligent manner thereby causing the accident in question. Joyes moved for summary judgment on September 10, 1987. The District Court granted summary judgment to Joyes on October 15, 1987, and issued the following findings:

> 1. That drivers of motor vehicles in the State of Montana have an obligation, pursuant to Section 61-8-321, MCA, to drive upon the right half of the roadway, with three statutory exceptions, none of which apply to the case at bar.
>
> 2. The physical facts of the subject accident, which have not been controverted or rebutted by Plaintiffs, show the following:
>
> > (a) That prior to and at the time of the collision, Defendant Joyes'

3

vehicle was being driven in the right half of the subject county road pursuant to Section 61-8-321, MCA;

(b) That prior to and at the time of the collision, Plaintiff Ramona Medders' vehicle was being driven in a northerly direction within Defendant Joyes' southbound lane of traffic.

3. That there has been no credible or admissible evidence indicating excessive speed on the part of either Plaintiff Ramona Medders or Defendant Joyes.

4. That there has been no substantial evidence offered by the Plaintiffs to raise a genuine issue of fact that the accident would not have occurred but for the fact that Plaintiff Ramona Medders was driving her vehicle outside the right half of the roadway in violation of Section 61-8-321, MCA.

5. The materials offered by Plaintiffs in opposition to Defendant's motion for summary judgment are not material or of a substantial nature, but rather [are] fanciful, frivolous, gauzy, or merely suspicious.

The Medders appeal the District Court's grant of summary judgment to Joyes and we identify the following issue for review: Do genuine issues of material fact exist which preclude summary judgment?

The Medders assert that there are several genuine issues of material fact in this case. Summary judgment is improper where genuine issues of material fact exist. Rule 56(c), M.R.Civ.P. The Medders' burden on this appeal is to establish the existence of a genuine issue of material fact. Eitel v. Ryan (Mont. 1988), 751 P.2d 682, 684, 45 St.Rep. 521, 524.

4

The Medders first claim that there is a factual dispute as to the location of the two vehicles before and after impact. On the basis of his accident investigation, Officer Brost placed the Medders' vehicle primarily in the left lane of traffic in violation of § 61-8-321, MCA. In support of his motion for summary judgment, Joyes also submitted an affidavit from A.D. Pipkin (Pipkin), an accident investigation expert, who on June 5, 1984, investigated the scene of this accident. Pipkin studied Brost's accident investigation report, surveyed the accident site, examined the damaged vehicles, and also concluded that Ramona Medders was on the wrong side of the road at the time of the collision.

In opposition to Joyes' motion for summary judgment, the Medders submitted an affidavit from an ambulance attendant, Paula Tinsley (Tinsley), who attended to Ramona Medders at the accident scene. In her September 23, 1987 affidavit, Tinsley recalled her two and one-half year old perception that both vehicles were near the middle of the road, that the Joynes' vehicle was substantially in the wrong lane of traffic, and that the Medders' vehicle was substantially in the correct lane of traffic. Tinsley arrived sometime after the accident and her recollections are of the shifted vehicle positions after impact and recoil. Unlike Brost and Pipkin, Tinsley did not investigate the accident scene or make any measurements to determine the location of the vehicles immediately prior to and at the time of impact. The Medders also allege that Holt's photographs and the coroner's report concerning Mrs. Joyes' death conflict with Brost's measurements and conclusions. The Medders did not submit any independent accident investigation

5

reports or other expert evidence regarding the circumstances of the accident to support their allegations.

The Medders also attempt to justify Ramona Medders' failure to drive on the right side of the road by contending that the county road in question contained deep ruts which forced traffic to drive near the center of the road. Holt's photographs and Brost's deposition, on the other hand, evidence a well graded and graveled two-lane county road with no ruts at the location of the accident.

Initially we note that the Medders' claim that a negligence case such as here presented is not susceptible to adjudication by summary judgment. Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1982), 197 Mont. 1, 10, 640 P.2d 453, 458. Joyes cites to Brohman v. State of Montana (Mont. 1988), 749 P.2d 67, 45 St.Rep. 139, for the proposition that this Court will affirm a grant of summary judgment in a negligence case where "it is clear that a party has breached a duty and caused an accident." Brohman, 749 P.2d at 69 (citing Birky v. Johnson (Mont. 1986), 716 P.2d 198, 43 St.Rep. 488). We find the reasoning in Brohman to be applicable to the instant case.

The District Court concluded that the Medders' evidence in opposition to the motion for summary judgment was "not material or of a substantial nature . . . " We agree. Although the Medders dispute the fact that Ramona Medders was traveling in the wrong lane of traffic, Tinsley's affidavit and conclusory allegations as to what the photographs portray are not sufficient to give rise to a genuine issue of material fact in this case.

The Medders have not presented any evidence to support the existence of a genuine issue of material fact regarding

6

the location of the vehicles at the time of the collision. Ryan, 751 P.2d at 684. Where reasonable minds cannot differ as to the cause of an accident, questions of fact may be determined as a matter of law. Brohman, 749 P.2d at 70, (citing Hartley v. State (Wash. 1985), 698 P.2d 77, 81). The overwhelming evidence in this case supports the District Court's conclusion that Ramona Medders' negligence caused the accident and the District Court properly granted summary judgment.

The Medders next contend that there is a genuine issue of material fact as to whether Joyes was speeding at the time of the accident. The facts concerning the speed of the Joyes' vehicle are not in dispute. Joyes admits that he was driving approximately forty miles an hour. The District Court concluded that the Medders had failed to present any credible or admissible evidence indicating that Joyes was speeding. The only evidence presented by the Medders with regard to the appropriate speed for this particular road was Ramona Medders' statement that she felt that eighteen to twenty miles an hour was all she could handle in her car. In a written statement dated June 13, 1984, Ramona Medders claimed to have been traveling approximatley thirty-five miles an hour immediately before the accident. After instigating this litigation, Ramona Medders changed her testimony to reflect that she was traveling eighteen to twenty miles an hour. On the other hand, Pipkin, in his affidavit, stated that forty miles an hour was not excessive under the road and driving conditions present at the time of the accident. In addition, Richard Medders stated in his deposition that he had traveled the same county road on

7

several occassions at speeds of thirty-five to fifty miles an hour.

The District Court in effect made a conclusion of law based on the undisputed facts in its determination that Joyes was not speeding. Such questions of law are properly decided by the District Court. Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact (1982), 99 F.R.D. 465, 487. The Medders have presented no evidence to support their allegation that Joyes was driving too fast. On the contrary, the record of this case indicates that Mr. Joyes was driving in a reasonable and prudent manner when his vehicle was struck by Ramona Medders' vehicle which was being driven in the wrong lane of traffic.

Section 61-8-321, MCA, provides that all vehicles shall be driven on the right side of the roadway with certain exceptions not applicable to this case. The District Court concluded that Ramona Medders violated this statute and that the accident would not have occurred but for her negligence in driving on the wrong side of the roadway. The Medders assert that the District Court incorrectly held this violation of a statute to be negligence per se and that the lower court should instead have determined whether Ramona Medders and Arnold Joyes drove in a reasonable and prudent manner.

We find nothing in the order of the District Court to suggest that it found Ramona Medders' violation of § 61-8-321, MCA, to be negligence per se. The District Court reviewed the evidence and concluded that Ramona Medders was the only negligent party. We have reviewed the pleadings, affidavits, answers to interrogatories, and the remainder of

8

the record in this case and conclude that summary judgment was properly granted. Eitel, 751 P.2d at 684.

Joyes requests that he be awarded attorney's fees and costs of this appeal pursuant to Rule 32, M.R.App.P. We decline to award attorney's fees in this case because we find that appellants' arguments, although not persuasive, were within the bounds of reasonable appellate argument. LaForest v. Texaco, Inc. (1978), 179 Mont. 42, 585 P.2d 1318. Costs of this appeal, other than attorney's fees, are to be awarded to Joyes as the prevailing party pursuant to § 25-10-104(2), MCA.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9