No. 80-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

TOM RILEY AND PATRICIA RILEY,

Plaintiffs and Respondents,

-vs-

FRED G. CARL, JAMES L. LEE, COUNTY OF
MISSOULA, WILLIAM WILLS, a/k/a BILL
and WILLS, INC.,

Defendants and Appellants.

---

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Missoula, The Honorable
               John S. Henson, Judge presiding.

Counsel of Record:

For Appellant:

Boone, Karlberg & Haddon, Missoula, Montana
Robert L. Deschamps, III, County Attorney,
Missoula, Montana
Milodragovich, Dale & Dye, Missoula, Montana

For Respondent:

Balyeat, Kammerer & Rodli, Missoula, Montana
*Milodragovich, Dale & Dye, Missoula, Montana*

---

Submitted on Briefs:   September 11, 1980

Decided:   JAN 16 1981

Filed:   JAN 16 1981

Thomas J. Kearney
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendants Wills and Missoula County appeal from an order of the Fourth Judicial District Court, Missoula County, declaring Blixit Creek Road a county road subject to the duty of maintenance by Missoula County.

Blixit Creek Road is located near Potomac, Montana, in Missoula County. The road was first assigned a county road number in 1965, and was continuously maintained by the county from that time until January, 1977. Missoula County formally accepted the road for maintenance in 1974 because it had been platted and in existence prior to 1960.

Until 1978, William Wills, as an individual, and Wills Inc. of which William Wills was a corporate officer, owned the land traversed by Blixit Creek Road. Wills was aware of and materially benefitted from Missoula County's maintenance of the road and apparently acquiesced in the general public's use of the road until 1976.

In 1976 William Wills erected private road signs on Blixit Creek Road. Missoula County ceased its maintenance operations on the road in part because of the presence of the signs. This suit resulted from the subsequent deterioration of the road's condition in the spring of 1978.

In August, 1977, Tom and Patricia Riley purchased land accessible only via Blixit Creek Road. The Riley's plans to build a home on the land the following spring were frustrated by the impassibility of the road. The Rileys therefore initiated this action on March 29, 1978.

Plaintiff's complaint was twice amended. Wills, Inc. was first named as a party defendant under the second amended complaint filed August 18, 1978. Wills, Inc. had previously transferred its interests in the affected property by deeds recorded March 2, 1978. The resulting owners of an undivided eighty percent interest in the property have not been joined and are not parties to this action.

The complaint in its final form alleged breach of contract and misrepresentation against sellers Carl and Lee; a statutory duty to maintain and estoppel from cessation of roadway maintenance against the County of Missoula; and a prescriptive easement against William Wills a/k/a Bill Wills and Wills Inc. The sellers in turn filed a cross-complaint against Wills, alleging the county's prescriptive title to the road and estoppel against Wills, and seeking indemnity.

The matter came to hearing on motions for summary judgment. The District Court found from the undisputed facts all elements necessary to establish prescriptive county title to Blixit Creek Road, and to estop the County of Missoula and Wills from denying said county ownership. Based on its findings, the District Court denied Missoula County's motion for summary judgment; granted seller's motion for summary judgment declaring Blixit Creek Road a county road; and granted Wills' motion for summary judgment as to the complaint and the indemnity assertion of seller's cross-complaint.

Appellants attack on appeal the District Court's denial of the county's motion for summary judgment and granting of sellers' motion for summary judgment.

We note at the outset that the denial of the county's motion for summary judgment is properly reviewable at this time. Although the order denying the motion was interlocutory, a final judgment has been rendered and nonappealable intermediate orders are reviewable on appeal from that final judgment. Brown v. Midland National Bank (1968), 150 Mont. 422, 429, 435 P.2d 878, 882.

The principles governing summary judgment under Rule 56(c), M.R.Civ.P., are set forth in Harland v. Anderson (1976), 169 Mont. 447, 450, 451, 548 P.2d 613, 615. The movant has the initial burden of establishing the absence of any genuine issue of material fact, and when movant does so, the party opposing the motion must come forward with substantial evidence raising a

- 3 -

genuine issue of material fact.

The county's motion was founded solely on plaintiffs' inability to demonstrate their personal reliance on county maintenance or on Wills' acquiescence in county maintenance, where the county had ceased its maintenance operations sometime before plaintiffs purchased their land. Absent reliance, the county argues that plaintiff's estoppel theory fails and summary judgment in its favor is appropriate.

Neither the county nor Wills presented evidence to refute prescriptive public easement or reliance by the sellers, Carl and Lee, upon the actions of the county and Wills although both issues were raised by the pleadings. In light of appellants' failure to even address, much less refute those genuine issues, the movant's initial burden was not carried.

Conversely, the sellers presented evidence in support of their motion alleging the presence of all necessary elements for both prescriptive public easement and for estoppel against the county and Wills. The movants thus met their burden of excluding any real doubt as to the existence of any genuine issue of material fact. Kober v. Stewart (1966), 148 Mont. 117, 122, 417 P.2d 476, 478.

The opponents, again, challenged neither prescription nor estoppel based on the sellers' reliance, but rather argued conclusively that Blixit Creek Road is not a county road. Nevertheless, the party opposing a motion has a standard of proof about equal to that imposed on the movant; and must present facts in proper form, not merely conclusions of law. Harland, 169 Mont. at 451, 548 P.2d at 615.

Plaintiffs and the sellers, Carl and Lee, demonstrated that there existed no genuine issues as to any material fact relating to sellers' motion for summary judgment. Wills and the County of Missoula failed to meet that same burden regarding their motion. The motions were thus respectively properly granted and denied by the District Court. Rule

- 4 -

56(c), M.R.Civ.P.

Judgment affirmed.

_Frank I. Haswell_
————————————————————————————————
Chief Justice

We concur:

_Jim B. Daly_
————————————————————————

_John Conway Harrison_
————————————————————————

_Daniel J. Shea_
————————————————————————

_John C. Sheehy_
————————————————————————
Justices

- 5 -