No. 82-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

LEILA HENDRICKSON,

Plaintiff and Appellant,

vs.

PAUL A. NEIMAN and HAVRE
DISTRIBUTORS, INC.,

Defendants and Respondents.

_____

Appeal from:  District Court of the Twelfth Judicial District,
              In and for the County of Hill
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Howard F. Strause, Great Falls, Montana

    For Respondents:

        Alexander & Baucus, Great Falls, Montana
        Bosch, Kuhr, Dugdale, Warner & Kaze, Havre, Montana

_____

Submitted on briefs: February 17, 1983

Decided: June 10, 1983

Filed:  JUN 1 0 1983

_Ethel M. Harrison_
_____
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

On November 29, 1982, the District Court of Hill County entered a final order granting summary judgment in favor of defendant Havre Distributors, Inc., pursuant to Rule 54(b), M.R.Civ.P. Plaintiff appeals. We vacate the order and remand.

At approximately 3:00 p.m. on Friday, May 1, 1981, Leila Hendrickson finished working her shift at the Iron Horse Pancake House in Havre, Montana, and attempted to cross First Street at Fourth Avenue in front of the Park Hotel. The hotel sits on the northwest corner of the inter-section. We include the following diagram for clarification:



Hendrickson was crossing from the north side of the street to the south side of the street and was on the west side of the intersection. First Street is a two-way street with a parking lane on each side of the street and four lanes of traffic (two lanes for westbound traffic and two lanes for eastbound traffic).

As she started to cross the street in front of the hotel, Hendrickson entered a pedestrian crosswalk but found it at least partially blocked by a beer delivery truck belonging to defendant Havre Distributors, Inc. The rear wheels of the vehicle extended into the crosswalk from the west, and the truck extended even further into the crosswalk. It was also parked one-to-two feet from the curb.

Plaintiff walked out of the crosswalk around the back of the truck and then reentered the crosswalk. No other vehicles were parked between the delivery truck and the intersection. Before proceeding across First Street, she checked in both directions for traffic. Hendrickson continued walking across the street through the outside westbound lane. A vehicle in the outside westbound lane stopped to wait for her. As she entererd the inside westbound lane, she was struck by a vehicle driven by defendant Neiman and was thrown onto the hood of his car.

Both of Hendrickson's legs were broken by the impact, and due to complications she has been unable to return to work. Neiman testified in his deposition that he thought the vehicle stopped in the outside lane of traffic was waiting for a break in traffic to proceed around the delivery truck, which extended into the outer traffic lane. He did not see plaintiff until he struck her. His vehicle

did not come to a stop for sixty-three feet. Neiman was cited for and pleaded guilty to reckless driving and operation of an unsafe vehicle.

Plaintiff brought suit against Neiman and against Havre Distributors, Inc. She alleged negligence on the part of Havre Distributors, Inc., for parking so as to partially protrude into the outside driving lane and so as to block the crosswalk. She also alleged that Neiman operated his vehicle carelessly and recklessly and failed to keep a proper lookout. After considering the pleadings, answers to interrogatories, depositions and affidavits on file, and the briefs and arguments of counsel, the District Court granted summary judgment to Havre Distributors, Inc. Summary judgment was granted on the basis that there was no genuine issue as to any material fact, that any negligence on the part of Havre Distributors, Inc., was not the proximate cause of Hendrickson's injuries and that "plaintiff was injured as the result of the independent, intervening negligent act of defendant Paul A. Neiman."

Plaintiff presents a single issue on appeal: Did the District Court err in granting summary judgment to Havre Distributors, Inc.?

Summary judgment may be granted pursuant to Rule 56, M.R.Civ.P., when there is no genuine dispute over material facts and the moving party is entitled to a judgment as a matter of law. The initial burden of proof is upon the party moving for summary judgment. The moving party must demonstrate that no genuine issue of material fact exists. Then, the party opposing the motion must come forward with substantial evidence that raises a genuine issue of material

fact. All-State Leasing Co. v. Top Hat Lounge, Inc. (1982), ____ Mont. ____, 649 P.2d 1250, 1251-1252, 39 St.Rep. 425, 428.

Havre Distributors, Inc., argues that the positioning of the delivery truck could not have contributed to the accident. Rather, the company argues that the accident was caused by Neiman's independent, intervening acts. Hendrickson and Neiman both argue that substantial evidence establishes negligence on the part of Havre Distributors, Inc. They argue that Havre Distributors, Inc., owed a statutory duty of care to plaintiff which was breached when the truck was parked more than eighteen inches from the curb and in a crosswalk. Sections 61-8-354 and -355, MCA. Further, plaintiff argues that she falls within the class intended to be protected and that Havre Distributors, Inc., is a member of the class against whom a duty was imposed. We agree.

We disagree, however, with plaintiff's reliance upon Azure v. City of Billings (1979), 182 Mont. 234, 240-241, 596 P.2d 460, 464, for the proposition that such a demonstration is all that is necessary in order to hold Havre Distributors, Inc., negligent per se. It is axiomatic that in order to hold a party negligent per se for a violation of statute, a plaintiff must demonstrate that such violation constituted the proximate cause of the injury received and the resulting damages. See, Azure, 182 Mont. at 240, 596 P.2d at 464; Kudrna v. Comet Corp. (1977), 175 Mont. 29, 39, 572 P.2d 183, 189.

Plaintiff argues that the illegal parking of the truck could have been a proximate cause of the accident since she may have already been across the intersection had she not

been required to detour around the vehicle. Alternatively, she contends that the jury could reasonably conclude that if the beer truck was not protruding into the outer driving lane, Neiman would have recognized that the vehicle in the right hand lane was stopped for some other purpose, such as a pedestrian. There is conflicting evidence in the record as to where the delivery truck was parked, how far into the traffic lane and into the crosswalk it extended, and as to whether the truck's position could have been a proximate cause of the accident. A genuine issue of material fact exists here.

Ordinarily, issues of negligence are not susceptible to summary judgment and are better determined at trial. Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1982), ____ Mont. ____, 640 P.2d 453, 458, 39 St.Rep. 305, 310. Liability should not be adjudicated upon a motion for summary judgment where factual issues concerning negligence and causation are presented. Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 931. Further, where, as here, two defendants are involved, summary judgment granted in favor of one allows the remaining defendant to introduce evidence that tends to shift blame for the accident to one no longer a party to the action.

The summary judgment is vacated and the cause remanded to the District Court for further proceedings.

_____
Chief Justice

-6-

We concur:

_John Conway Harrison_

_____

_____

_John C. Sheehy_
Justices

Mr. Justice Frank B. Morrison, Jr. specially concurs as follows:

I concur in the result but not in all that is said in the majority opinion.

Specifically, I take issue with that portion of the majority opinion wherein it is stated:

> "Further, where, as here, two defendants are involved, summary judgment granted in favor of one allows the remaining defendant to introduce evidence that tends to shift blame for the accident to one no longer a party to the action."

This is no reason to refuse summary judgment against the defendant not at fault.

The majority opinion seems to take the position that summary judgment will never be granted in favor of one defendant, where there are multiple defendants, for the reason that the remaining defendants can shift the blame for the accident to one who is no longer a party to the action. Of course, if those defendants remaining in the case attempted to shift blame to a defendant in favor of whom summary judgment had been entered, the plaintiff could then reply by showing that the court had absolved the absent defendant. Nevertheless, the trial strategy of the parties is not relevant to a determination of whether there is a genuine issue of material fact foreclosing the entry of summary judgment. The only determination in this case is whether a jury issue exists with respect to the defendant. If no jury issue exists then summary judgment should be granted irrespective of what the remaining defendant argues at trial.

Here there is a genuine issue of material fact on negligence and causation which forecloses the granting of summary judgment. Therefore, the case is properly remanded for trial.

_____
Justice

8

Mr. Justice Daniel J. Shea:

I join in the special concurrence of Justice Morrison.

_____
Justice