No. 90-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SHANE HENDRICKSON,

      Plaintiff and Appellant,

  -vs-

TODD A. POCHA, and K-BAR M RANCH,

      Defendants and Respondents.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

    James A. Manley, Esq., Manley Law Office, Polson, Montana

For Respondents:

    Steven S. Carey, Esq., Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  August 23, 1990

Decided:  October 25, 1990

Filed:

_Clerk_

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from summary judgment entered against the plaintiff in favor of both defendants by the District Court of the Fourth Judicial District, in and for the County of Missoula. We affirm the District Court's grant of summary judgment.

Issue on review:

Whether the District Court erred in granting summary judgment.

This case involves an accident which occurred on Montana Highway 200, near mile post 25, between Missoula and Great Falls on February 24, 1988 at approximately 8:15 a.m. At the time of the accident, plaintiff, Shane Hendrickson, was an experienced long-haul truck driver. Defendant K-Bar M Ranch (K-Bar) owned a ranch along the highway where the accident occurred. Defendant Pocha was employed by K-Bar at the time.

Hendrickson, whose vehicle rear-ended Pocha's vehicle, sued for damages.

Montana Highway 200 is a busy east-west, two-lane highway. It is the major route for long-haul trucks between Missoula and Great Falls.

On February 24, 1988, Hendrickson left Dixon at approximately 5:30 a.m., bound for Great Falls. His truck was fully loaded with lumber. Plaintiff testified that his truck had new tires and was in excellent mechanical condition.

At approximately 8:15 a.m. on the morning of the accident, Pocha was pulling a round bale feeder with K-Bar's Ford tractor for approximately two miles on the highway to get to another

2

section of the ranch to feed cattle. Pocha testified by affidavit that he did this approximately six or seven times a week. Pocha pulled onto the highway approximately four-tenths of a mile west of the bridge where the accident occurred. Pocha was traveling at an undetermined slow rate of speed heading in an easterly direction, toward the bridge.

Shortly thereafter, Hendrickson drove his semi-truck over the top of Greenough Hill approximately one-half mile from the bridge and heading east as well. Hendrickson testified by affidavit that as he came over the hill he did not see the Pocha vehicle because of contours in the road, and the positions of the respective vehicles. Hendrickson stated in his deposition that when he first saw the Pocha vehicle he was "probably less than a quarter of a mile" from it.

Both parties agree that the accident could not be avoided by either pulling into the other lane due to an on-coming logging truck or by pulling onto the right shoulder of the road due to its steep terrain.

Hendrickson described what happened as follows:

[A]nd then I seen the tractor just before then, and then I jumped on the brakes and I geared down a couple of times, but as I said before, I was doing approximately 50 miles an hour, and I had a full load on, and there just wasn't enough distance in between to stop. (Emphasis added.)

Indeed Hendrickson was unable to stop before striking the Pocha vehicle from behind. Both agree that on the morning of the accident the sky was blue and the roads were clear and dry.

Hendrickson filed his complaint May 6, 1988. Following

3

service of process, defendants filed their answer and counterclaim August 2, 1988. Hendrickson filed a reply to the counterclaim August 5, 1988.

On June 14, 1989, following discovery, defendants moved for summary judgment. The motion was briefed, argued, and on October 12, 1989, the District Court entered summary judgment on the issue of liability in favor of defendants. There being no dispute as to the damages awardable to defendants, judgment was entered in favor of defendants on February 15, 1990.

Notice of entry of judgment was filed February 21, 1990. Hendrickson filed his notice of appeal March 6, 1990.

Upon appeal, the only question is whether there is a genuine factual issue concerning the respective negligence of the parties involved. Hendrickson maintains that in granting summary judgment the District Court incorrectly concluded that the defendants had sustained their burden of demonstrating a complete absence of any genuine issue of material fact.

Ordinarily issues of negligence are not susceptible to summary adjudication. Hendrickson v. Neiman (1983), 204 Mont. 367, 665 P.2d 219. We must be extremely cautious in reviewing grants of summary judgment in this area for the issues involved in a determination of negligence are better resolved at trial.

The purpose of Rule 56, M.R.Civ.P., is to dispose of those actions which fail to raise genuine issues of material fact, thereby eliminating the burden and expense of an unnecessary trial. VanUden v. Hendricksen (1980), 189 Mont. 164, 615 P.2d 220.

4

The burden upon the moving party as stated in Rule 56(c), M.R.Civ.P., is:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

To satisfy its burden of proof, the movant must provide the court with evidence which clearly indicates what the truth is, and which excludes any real doubt as to the existence of a genuine issue of material fact. VanUden at 167, 615 P.2d at 222.

Once the movant has discharged its burden of proof under Rule 56(c), M.R.Civ.P., it becomes incumbent upon the party opposing the motion to come forward with substantial evidence raising a genuine issue of material fact. Rule 56(e), M.R.Civ.P.; Riley v. Carl (1981), 191 Mont. 128, 622 P.2d 228.

Here, both plaintiff and defendants filed briefs and other supporting documents, including sworn affidavits, with defendants' motion for summary judgment.

This Court finds that there is no issue of material fact in this case and summary judgment was properly granted. The evidence shows that Pocha did not violate a single traffic law in operating his vehicle when the collision occurred. On the other hand, the evidence clearly shows that Hendrickson violated every law on the books that pertains to a vehicle overtaking another with a possibility of passing it.

Whether Pocha was driving his farm vehicle at 5 to 10 miles per hour, or 20 or 30 miles per hour, makes no difference as to

5

Hendrickson's negligence. Pocha was lawfully upon the highway and Hendrickson owed a duty to Pocha to avoid striking his vehicle while it was lawfully on the highway.

Hendrickson violated the following statutes in causing the collision:

Section 61-8-303, MCA. Under this statute, it was Hendrickson's duty to operate his vehicle on the public highway in a careful and prudent manner, and at a rate of speed no greater than was reasonable and proper under the conditions existing in the point of operation, and he was required to drive his truck so as not to unduly or unreasonably endanger the life, limb, property or other rights of persons entitled to the use of the street or highway. Further, under this statute, he was required to drive at an appropriate reduced speed when approaching a hill crest, or when a special hazard existed with respect to other traffic then on the highway.

Section 61-8-323, MCA. Under this statute, the driver of a vehicle overtaking another vehicle proceeding in the same direction is required to pass to the left thereof at a safe distance, and may not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

Section 61-8-325, MCA. Under this statute, Hendrickson was forbidden to overtake and pass Pocha unless the left side of the roadway was clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of

6

either the oncoming vehicle or the vehicle being overtaken. Moreover, under this statute, the vehicle was not to be driven to the left of the roadway or attempt to pass when approaching the crest of a grade or upon a curve of the highway or where the driver's view was obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

Section 61-8-328, MCA. This statute requires that where the roadway is divided in two or more clearly marked lanes for traffic, the vehicle shall be driven as nearly as practicable entirely within a single lane, and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Section 61-8-329, MCA. This statute requires that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and with due regard to the speed of such vehicle and the traffic upon and the condition of the highway.

Section 61-8-361, MCA. Under this statute, the driver of a motor vehicle traveling through narrow valleys, canyons or on mountain highways shall hold such motor vehicle under control and as near the right-hand edge of the highway as reasonably possible.

Under the foregoing statutes, it was the duty of Hendrickson, driving over roadways where the view was obstructed by reason of hills or possibly by sunshine, to operate his motor vehicle in such a way that he could stop his unit and avoid striking or colliding

7

with another vehicle lawfully upon the highway. Clearly he did not follow this requirement.

In Farris and Senecal v. Clark (1971), 158 Mont. 33, 37, 487 P.2d 1307, 1309, this Court upheld a judgment in favor of the overtaken vehicle stating:

> This Court long ago ruled on the liability of a person who negligently collides with another vehicle while attempting to pass. In the case of McDonough v. Smith, 86 Mont. 545, 550, 284 P. 542, 544, this Court held:
>
> "The person passing is negligent if he so carelessly directs or manages his automobile that a collision results, or if he attempts to pass in a time or under conditions which are not reasonably safe."

Again, in Custer Broadcasting Corporation v. Brewer (1974), 163 Mont. 519, 518 P.2d 257, this Court again stated:

> Considering the propriety of granting a directed verdict, this Court in Holland v. Konda, 142 Mont. 536, 541, 385 P.2d 272, 275, stated:
>
> "'"No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence." [Citing case]
>
> "'This rule is firmly established by other decisions of this court, and we feel that further citation on the point is unnecessary.'"

> However, in cases where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver.

> In Farris and Senecal v. Clark, 158 Mont. 33, 37, 487 P.2d 1307, a recent rear end collision case, this Court sustained the trial court's decision to grant summary judgment for plaintiffs. There we reviewed the fact situation not unlike the instant case, except that here it was a daytime accident and in Farris it was nighttime . . . .

8

This Court has long held that violation of a statute concerned with highway traffic is negligence as a matter of law. Farris should have controlled the court's decision in considering plaintiffs' motion for a directed verdict.

Custer Broadcasting Corporation, 163 Mont. at 521-22, 518 P.2d at 259.

In this case, Hendrickson's own admission is that he was driving a tractor and trailer loaded with lumber in such a manner that even at his claimed speed of 50 miles an hour, he could not bring his unit to a stop within a quarter of a mile without colliding with another vehicle lawfully on the roadway. His single negligence is completely the cause, without any argument. The District Court was correct in granting summary judgment to Pocha and his employer.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

Justice R. C. McDonough dissents.


In this era of comparative negligence there are the following issues of material fact relative to the defendant's negligence:

Whether the hazard warning lights were flashing and whether slow moving emblems were affixed to the back of both the tractor and the bale feeder, in compliance with §§ 61-9-219(4) and 61-9-415, MCA.

Whether the defendant's warning flashers and the slow moving emblems were partly or totally obscured because of dirt, mud and flying hay and debris, in violation of § 61-9-219(4), MCA.

Whether defendant was traveling without the exercise of due care (too slowly) considering the contours of the highway. See §§ 61-8-311 and 61-8-303, MCA.

These issues of material fact prohibit summary judgment, and I would reverse and remand for further proceedings and trial.

_____
                    Justice


Justices Diane G. Barz and Fred J. Weber concur in the foregoing dissent.

_____

_____
                    Justices