No. 90-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CRAIG BERENS,

      Plaintiff and Appellant,

  -vs-

WILLIAM P. WILSON,

      Defendant and Respondent.

FILED

OCT 25 1990

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          George T. Radovich, Attorney at Law, Billings, Montana

      For Respondent:

          Donald L. Harris and Mary E. Duncan, Attorneys at Law, Billings, Montana

Submitted on Briefs: September 13, 1990

Decided: October 25, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone. Plaintiff brought a negligence action against defendant. The District Court found in defendant's favor on a motion for summary judgment. Plaintiff appeals from that order. We affirm.

The only issue before this Court on review is:

Did the District Court err in entering summary judgment for the defendant?

Plaintiff, Craig Berens, brought this negligence action in the District Court to recover damages for injuries he received when he jumped over a picket fence located on defendant William Wilson's property. Defendant moved for summary judgment. Subsequently, briefs were filed and the District Court granted the motion on April 16, 1990 in a memorandum order.

The uncontroverted facts are as follows:

A wooden picket fence contains defendant's property and a portion of the fence, which is the subject of this appeal, separates defendant's archery range from the rest of his property. It is this portion of the fence, adjacent to defendant's archery range, which plaintiff jumped with incident of injury. The fence is approximately four feet high. Defendant built the fence around the year 1980, burying the posts in the ground with rocks tamped down solid on the sides for stability.

Plaintiff and defendant have been neighbors since 1981 and

often visited. On May 26, 1988, defendant invited plaintiff over to defendant's house to admire defendant's newly acquired bow. After a few minutes passed, they decided to witness the bow's performance and walked to defendant's backyard archery range. When they arrived at the subject wooden fence which separated them from the archery range, defendant handed plaintiff the bow and jumped over the fence without incident. As defendant jumped the fence, the fence did not "wobble" nor did defendant fall. Plaintiff then surrendered the bow to defendant, walked down a few feet along the fence line, placed his hands on the top of the fence rail next to a post and jumped over. While in mid-jump, the fence "wobbled", plaintiff lost his balance, landed on his left foot and injured his knee. There were no rotted or broken posts on the fence line where either man jumped.

Upon appeal the threshold question is whether there exists a genuine factual issue concerning the fence's alleged hazardous character. As his first assignment of error, plaintiff maintains that in granting summary judgment the District Court incorrectly concluded that defendant sustained his burden of demonstrating a complete absence of any genuine issue of material fact.

The purpose of Rule 56, M.R.Civ.P., is to dispose of those actions which fail to raise genuine issues of material fact, thereby eliminating the burden and expense of an unnecessary trial. VanUden v. Hendricksen (1980), 189 Mont. 164, 615 P.2d 220. Summary judgment should be granted if the moving party successfully carries its burden to establish that there is no genuine basis of

3

material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. To satisfy its burden of proof, the movant must provide the court with evidence which clearly indicates what the truth is, and which excludes any real doubt as to the existence of a genuine issue of material fact. VanUden at 167, 615 P.2d at 222. Once the movant has discharged its burden of proof under Rule 56(c), it becomes incumbent upon the party opposing the motion to come forward with substantial evidence raising a genuine issue of material fact. Rule 56(e), M.R.Civ.P.; Riley v. Carl (1981), 191 Mont. 128, 622 P.2d 228.

We have reviewed the entire record before us. We find that the supporting documents filed by defendant discharged his burden of proof under Rule 56(c), M.R.Civ.P. We further find that plaintiff has failed to provide the District Court with substantial evidence raising a genuine issue of material fact.

Plaintiff asserts that he has carried his burden by claiming that the fence constituted a "hidden or lurking" hazard. However, the substantial evidence which raises a genuine issue of material fact must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious. VanUden at 169, 615 P.2d at 224. Here plaintiff concluded, based on his own speculation and opinion rather than objective evidence contained in the record, that the wooden fence was a "hidden or lurking" hazard simply because it wobbled when he jumped over it. To paraphrase the irrefutable Gertrude Stein: A fence, is a fence, is a fence. Plaintiff would have us believe that a wooden fence should stand,

4

as a brick wall, undaunted. We are not persuaded by plaintiff's erroneous, if not completely arcane, reasoning that a wooden fence is a "hidden or lurking" hazard merely because it "wobbles" when one jumps over it. As such, we find that plaintiff's claim is not based on substantial evidence and that the fence was not a "hidden or lurking" hazard.

As his second assignment of error, plaintiff maintains that in granting summary judgment the District Court incorrectly concluded that defendant was entitled to judgment as a matter of law. Plaintiff contends that defendant was not entitled to judgment as a matter of law because he breached his duty to warn plaintiff of the alleged hazardous fence. Plaintiff argues that from the existence of a "hidden or lurking" hazard emerges a legal duty to warn incumbent upon defendant landowner. Our finding that the fence was not a "hidden or lurking" hazard absolves us of the need to rule on this issue. Without a hidden hazard, there exists no duty to warn of one. In conclusion, we hold that the defendant did not breach any duty owed plaintiff and was entitled to summary judgment as a matter of law under Rule 56(c), M.R.Civ.P. We therefore affirm the order of the District Court.

John Conway Morrison
Justice

We concur:

F. A. Turnage
Chief Justice

Diane G. Barz

John L. Shelby

William E. Hunter

R. C. McDonough

_____

Justices