NO. 91-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

---

IAN CHRISTOPHERSON, d/b/a OK CORRAL BAR,

     Plaintiff and Appellant,

  -vs-

WHITE, INC., d/b/a WHITE REFRIGERATION, et al.,

     Defendant and Respondent.

    AND

ERMINDO and NELLIE ZAVARELLI, d/b/a OK CORRAL BAR,

     Plaintiffs and Appellants,

  -vs-

WHITE, INC., d/b/a WHITE REFRIGERATION,

     Defendant and Respondent.

FILED

OCT - 1 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack Green, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Alan J. Lerner, Attorney at Law, Kalispell, Montana;
John B. Whiston, Rossbach & Whiston, Missoula,
Montana.

     For Respondent:

          Richard Ranney, Williams & Ranney, Missoula,
Montana.

---

          Submitted on briefs: August 15, 1991

               **Decided:** October 1, 1991

Filed:

---

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Ian Christopherson and Ermindo and Nellie Zavarelli, owners, appeal from an order of summary judgment granted by the District Court of the Fourth Judicial District, Missoula County, in favor of defendant White, Inc.

The sole issue on appeal is:

Whether the District Court erred in determining that no material evidence existed relative to a fire to support a finding of negligence or proximate cause on the part of White. We affirm.

In the early morning hours on August 19, **1986** a fire occurred at the O.K. Corral Bar in Missoula, Montana causing extensive damage. In June of **1983** the Zavarellis hired White Refrigeration Inc., (White) to install a compressor and a dual pressure control switch that regulated the compressor. This equipment was already on hand, furnished by the Zavarellis, when White came on the job. Testimony indicated that White moved the compressor from the basement to a storage room that received the maximum amount of sun during the summer months. White was not called back for any repairs or modifications to the equipment after start up of the system in November of **1984.**

John Zavarelli, the son of one the owners, testified on deposition that he did most of the electrical wiring on the job. A friend of his, who is a certified electrician, oversaw and inspected most of the electrical work. Zavarelli's testimony indicated that White hooked up the wires between the switch and the compressor.

2

White's employees Paul Smith and Jack Baird testified that they did not perform any electrical work on the job. They also testified that it was against union rules for refrigeration technicians to do electrical work.

Sid Pelson of Economy Refrigeration, who had done maintenance work on the equipment, conferred with Creighton Sayles, the fire investigator for Missoula County Rural Fire Department, on the night of the fire. Pelson testified that the wiring between the compressor and the control switch was not the source of a short circuit. He further testified that a short circuit occurred in the control unit itself.

Creighton Sayles testified that the contact points on the dual pressure control switch were the hottest part of the fire indicating the switch was an ignition source. Although he could not definitely state it was the cause of the fire, the evidence indicated that the switch was the most probable cause. Testimony revealed that paper, cardboard boxes, and clothing were piled next to the compressor. If the contact points of the control switch were the source of ignition, sparks probably came into contact with these combustibles sitting adjacent to the compressor.

Christopherson and the Zavarellis filed a lawsuit alleging that White's negligent installation of the refrigeration system was the proximate cause of the fire at the O.K. Corral Bar. The District Court granted summary judgment in favor of White. Christopherson and the Zavarellis' appeal,

Christopherson and the Zavarellis maintain the District Court

erred in granting summary judgment. We disagree.

Our scope of review is the same as the trial court and is a question of law. If as a matter of law no genuine issue of material fact exists, summary judgment is granted.

Summary judgment is proper under Rule 56(c), M.R.Civ.P., when the movant shows that there is no genuine issue as to any fact deemed material, in light of the substantive legal principles entitling the movant to judgment as a matter of law. All reasonable inferences must be drawn in favor of the party opposing the motion. In making its determination on whether to grant a motion for summary judgment, the court must consider the entire record. Smith v. Barrett (1990), 242 Mont. *37, 40, 788* P.2d **324, 326.** There are no issues of material fact involved here.

Appellants propound three possible theories of negligence. One, that White was negligent in wiring the switch to the compressor. Two, that White was negligent in moving the compressor from the basement to the storage room. And three, that White was negligent in failing to inspect the points on the switch or warn the owners that these points could become pitted and weld together.

As to the wiring of the switch to the compressor, there is no evidence that the wiring caused the fire. Testimony of Creighton Sayles and Sid Pelson indicates the fire was caused not by the wiring but by the dual pressure control switch contact points.

The Zavarellis contend that White was responsible for the placement of the compressor in the upstairs storage room. Paul Smith, White's installer, testified that he did not recall making

4

the decision to move the compressor upstairs and that he probably would have advised against it. While a dispute exists on the placement of the compressor it is not material. Again, the only evidence as to the cause of the fire was the points on the dual pressure control switch. Creighton Sayles testified that while the storage room was an unforgiving environment, the most probable cause of the fire was the dual pressure control switch.

Christopherson maintains that White was negligent in failing to either inspect the contact points on the dual pressure control switch or warn the owners that the contact points, if not properly cleaned and maintained could pit, which would increase the propensity of the points to arc and weld together.

Jack Baird, White's technician, testified that normal use, and overamperage could cause the points to weld together. However, he testified that when this occurs the compressor shuts down. He was not aware that it could be a fire hazard. There is no evidence by any qualified witness there a duty on the part of White to inspect the points or to warn the owners.

The appellants maintain that summary judgment is not appropriate in negligence cases. Hendrickson v. Neiman **(1983),** 204 Mont. *367, 665* P.2d **219.** In Hendrickson we said: "Ordinarily, issues of negligence are not susceptible to summary judgment and are better determined at trial." Id. at **371,** *665* P.2d at 222. However, upholding summary judgment in a negligence case is not inconsistent with our opinions.

In Brohman v. State **(1988),** 230 Mont. **198, 203,** 749 P.2d *67,*

October 1, 1997

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Alan J. Lerner
LAW OFFICES OF ALAN J. LERNER
P.O. Box 1158
Kalispell, MT 59903-1158

John B. Whiston
ROSSBACH & WHISTON, P.C.
401 North Washington Street
P.O. Box 8988
Missoula, MT 59807

Richard Ranney
WILLIAMS LAW FIRM, P.C.
P.O. Box 9440
Missoula, MT 59807-9440

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy

70, we said:

> It is true that because of the peculiarly exclusive nature of the concept of negligence, it is the rare personal injury case which may be properly disposed of by summary judgment. (Citations omitted.) [T]he mistake should not be made of supposing that because summary judgment cannot normally be granted in a particular kind of case, the motion should not be granted in an unusual case of the kind in question where such procedure is in fact appropriate, citing Bland v. Northfork & Southern Railway (4th cir. 1969), 406 F.2d 863, 866.

There is no evidence to support Christopherson's and Zavarellis' claim there was negligence on the part of White and such negligence was the proximate cause of the fire.

summary Judgment under Rule 56 (c) M.R.Civ.P., was properly granted.

**Af**firmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justices

6