NO.   93-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

SHERMAN P. HAWKINS,

     Plaintiff and Appellant,

  -vs-

JANET COX, DAN RUSSELL, JAMES OBIE,
JACK McCORMICK, STATE OF MONTANA,

     Defendants and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
               In and for the County of Powell,
               The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Sherman P. Hawkins, Deer Lodge, Montana, Pro Se

     For Respondent:

        James B. Obie, David L. Ohler, Legal Counsel,
        Department of Corrections & Human Services, Helena,
        Montana

FILED

AUG 17 1993

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 20, 1993

Decided:  August 17, 1993

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Sherman Hawkins (Hawkins) appeals from an order of the Third Judicial District Court, Powell County, determining that he received the proper amount of credit for the days he was incarcerated prior to his conviction and sentencing and for good time earned during that period of incarceration. Hawkins sued the respondents (collectively referred to herein as the State) in their official capacities within the Department of Corrections and Human Services. We affirm.

The sole issue on appeal is whether the District Court erred in determining that Hawkins received the proper credit.

On September 28, 1973, Hawkins received a life sentence for his conviction of murder in the first degree. He received seventy-one days credit for the time he spent in jail prior to sentencing. He was released on a work furlough to the Billings area in January 1984. In February 1987, Hawkins' furlough was revoked and he was returned to Montana State Prison to continue serving the life sentence. Hawkins' furlough was revoked because of an incident in which he was eventually charged with assault, criminal possession of dangerous drugs, carrying a concealed weapon, and escape.

After Hawkins was found guilty by a jury of criminal possession of dangerous drugs, Judge Baugh sentenced him on May 23, 1988, to five years in prison to be served consecutively to the life sentence Hawkins was then serving. The judgment stated, "Defendant shall receive credit for time spent in continuous incarceration from February 16, 1987 through May 24, 1988 (464

2

days)." Judge Baugh also designated Hawkins a persistent felony offender and sentenced him to another ten years to be served consecutively to the five-year sentence and the life sentence.

After a subsequent trial, a jury found Hawkins guilty of assault. Judge Baugh sentenced him to a term of nine years to be served consecutively to the other sentences. Judge Baugh stated that "defendant is to receive credit for four hundred and sixty four (464) days time served to be applied against the nine (9) year sentence for Assault (Felony) as it also was previously applied against the five (5) year sentence for Count III: Criminal Possession of Dangerous Drugs." Judge Baugh also designated Hawkins a persistent felony offender and sentenced him to thirteen years to be served consecutively to the other sentences.

On July 10, 1991, Hawkins filed an amended complaint in District Court alleging that the State had "refused to apply the 464 days of jail-time to either of the sentences imposed by the sentencing court." He claimed that his parole eligibility date was not accurate because of this alleged refusal. He sought a judgment "instructing the [State] to apply the 464 days to both sentences or 928 days total, as directed by the sentencing judge."

The State alleged in its answer that the 464 days had been applied to Hawkins' sentence as requested by Judge Baugh in his sentencing order and as clarified in a letter he wrote to the State's legal counsel. The State asserted that Janet Cox, Records Supervisor at Montana State Prison, had accomplished the credit by moving Hawkins' prison commencement date 464 days back in time.

3

After a hearing on December 30, 1991, the District Court entered an opinion and order.  The court determined that by then Hawkins had been credited with 464 days jail time on both the possession and assault sentences.  Noting that Hawkins had complained that he should also receive good time on the jail time credited to his sentences, the court determined that Hawkins had been properly credited with all good time earned while in prison. The court also ordered that the State's proposed findings and conclusions be adopted.

Hawkins then petitioned the District Court for a rehearing, claiming that the court's opinion and order contained errors of both fact and law.  Hawkins claimed error in fact because the State asserted in its proposed findings and conclusions, which the court adopted, that Hawkins was not incarcerated at Montana State Prison during the 464 days.  Hawkins claimed an error in law because the court denied good time for the 464 days credited to the possession and assault sentences.

The District Court granted Hawkins' request for rehearing. After the rehearing Hawkins filed a motion for judgment on the pleadings.  The State objected to that motion and filed a cross-motion for summary judgment.  On March 4, 1993, the District Court entered the order from which Hawkins appeals.  The court made the following findings: 1) Hawkins had received 464 days credit on each of the two new consecutive sentences (i.e. the possession and assault sentences); 2) Hawkins received good time during the 464 day period spent  at  Montana  State  Prison  prior  to  the  new

4

convictions; 3) the good time earned during that period was applied to the original life sentence; 4) Hawkins also wanted good time applied to each of the two new sentences for that 464 day period.

The court concluded that Hawkins was not entitled to good time on the 464 days for the two new sentences because they were determined to be "pre-conviction days" for which Hawkins received credit as though it were jail time. The court also granted the State's motion fox summary judgment.

We begin our discussion by clarifying the procedural posture of this case and the standard of review we will apply. After the court held two separate hearings on this matter, Hawkins moved for judgment on the pleadings and the State moved for summary judgment. However, these motions were procedurally untimely and inappropriate. See Clayton v. Atlantic Richfield Co. (1986), 221 Mont. 166, 717 P.2d 558 (Rule 12(c) motion for judgment on the pleadings was procedurally incorrect where the district court was asked to consider matters beyond the pleadings in order to resolve the issues); and Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16, where we said that "[t]he purpose of Rule 56, M.R.Civ.P., is to dispose of those actions which fail to raise genuine issues of material fact, thereby eliminating the burden and expense of an unnecessary trial." By the time the parties made their motions, the District Court had already considered matters far beyond the scope provided for by Rule 12(c) and Rule 56, M.R.Civ.P. It had held two hearings at which witnesses testified and the parties introduced documentary evidence. Therefore, the

motions were untimely.

Our standard of review, therefore, will focus on the findings and conclusions of the District Court and not on whether it properly granted summary judgment. We will not set aside a district court's findings of fact unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.; Weber v. Rivera (1992), 255 Mont. 195, 198, 841 P.2d 534, 536. In reviewing conclusions of law we look to whether the district court's determination is correct. Weber, 841 P.2d at 537.

Hawkins claims that he has not received credit for 464 days on each of his two new sentences, or a total of 928 days, as ordered by Judge Baugh. The State introduced a diagram at trial which illustrated how Hawkins' sentence had been credited with a total of 999 days (928 days credit for the present sentences and 71 days credit for the life sentence). Hawkins introduced letters from Janet Cox in which she explained how the credits are factored into a sentence for purposes of determining a parole eligibility date. The letter explained that the credits are "backed off" the original sentence commencement date to create a fictitious sentence commencement date. In Hawkins' case this meant that his sentence commencement date for purposes of determining parole eligibility was January 25, 1.971, rather than September 28, 1973. To that date, the full statutory amount to be served on each sentence would be added and any credit for good time already earned would be subtracted. In this case that meant adding twenty-five years for Hawkins' life sentence; three years and nine months (which is one-

quarter of the fifteen years for possession and persistent felony offender designation); and eleven years (which is one-half of the twenty-two years for assault and persistent felony offender designation). Lastly, **Cox's** letter explained, a parole eligibility date would be projected based on the rate of good time the inmate is currently receiving.

Hawkins fails to understand that this method credits an inmate fully. It compensates for using the full statutory amount that the inmate must serve on a sentence by moving the commencement date to a fictitious **earlier** date. There is nothing wrong with this method. Hawkins' inability to understand this does not change the fact that the evidence supports the District Court's finding that he has been credited with a total of 928 days.

Next, Hawkins argues that he was entitled to earn good time during that 464 days to be applied to the life sentence and to the two new sentences., He claims that all three sentences were to run concurrently for **the** 464 days, and he claims that case law requires that he receive good time credit for all three. The District Court determined that Hawkins was to receive credit for the days he spent incarcerated prior to conviction. This credit is required by § 46-18-403, MCA. However, the court concluded that he was not entitled to good time credit on the new sentences.

In its order the court stated, **"The** 464 days as to [the] new sentences have been determined to be pre-conviction days and thus Plaintiff has received credit for that time as though it were jail time. Plaintiff has therefore received day-for-day credit on each

7

of the two new convictions for the 464 days plus good time credit applied to the life sentence during the same 464 days."

Judge Baugh's intent is unclear. In his judgment on the possession offense, Judge Baugh indicated that Hawkins was to receive "credit for time spent in continuous incarceration from February 16, 198'7 through May 24, 1988 (464 days)." In his judgment on the assault conviction he stated that "defendant is to receive credit for four hundred and sixty four (464) days time served to be applied against the nine (9) year sentence for Assault (Felony) . . . ." In his letter clarifying his judgment, Judge Baugh stated:

> On these recent convictions in my court Mr. Hawkins got five years for possession less 464 days credit plus ten years for persistent felony offender. He also got nine years for assault less 464 days credit plus thirteen years for persistent felony offender. I intended all of these (including the life sentence) to run consecutively to one another.

The reason Hawkins was in prison rather than the Yellowstone County Detention Facility was because he was returned to the prison to continue serving the life sentence. He was returned to prison on February 27, 1987, but not convicted on the new charges until April 1988. We conclude substantial credible evidence supports the District Court's determination that these were pre-conviction days for which Hawkins was to receive credit as jail time.

Relying on State v. Forsyth (1988), 233 Mont. 389, 761 P.2d 363, and North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, however, Hawkins argues that he was entitled to good time credits during that period for each of the new

8

sentences as well as the life sentence. These cases are inapplicable. Forsyth did not discuss good time. Pearce involved a defendant whose conviction was set aside after he had served two and a half years in prison: he was retried and convicted a second time. The United States Supreme Court held that it was error to deny him credit for the time spent in prison on the original judgment. 395 U.S. at 718-19. In a footnote, the Court indicated that he should also receive any credits he had earned for good behavior. 395 U.S. at 719, n. 13. The facts of Pearce would be governed by § 46-18-402, MCA, which specifically provides for the granting of good time earned "[w]here defendant has served any portion of his sentence under a commitment based upon a judgment which is subsequently declared invalid or which is modified during the term of imprisonment . . . ." This statute does not apply to Hawkins.

Under Department of Corrections and Human Services Policy Number 505, "Good time accrual shall begin on the first day of custody after the inmate is sentenced to confinement in a State correctional facility." Hawkins had not been sentenced to confinement on the possession or assault charges during the 464 days; therefore, be was not entitled to good time under the policy. He cannot in effect accrue triple credit for good time because he violated conditions of his furlough and was returned to Montana State Prison rather than spending that time in county jail, where he clearly would not be entitled to earn good time credit.

Affirmed.

9

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

August 17, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Sherman P. Hawkins
700 Conley Lake Rd.
Deer Lodge, MT 59722

James B. Obie, Chief Legal Counsel
Dept. of Corrections & Human Services
1539-11th Ave.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy