No. 94-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

TERESA K. WILLIAMS,

     Plaintiff and Respondent,

  v.

JOHN B. WILLIAMS,

     Defendant and Appellant.

FILED

DEC 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Marcelle C. Quist and Carolyn S. Parker,
Quist Law Firm, Bozeman, Montana

     For Respondent:

          Richard A. Ramler, Attorney at Law,
Belgrade, Montana


Submitted on Briefs:  September 15, 1994

Decided:  December 20, 1994

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Teresa K. Williams filed a complaint on July 6, 1993, in the District Court for the Eighteenth Judicial District in Gallatin County, requesting ownership and title to two savings certificates at American Federal Savings and Loan. On February 16, 1994, the District Court granted Teresa's motion for summary judgment. Defendant John B. Williams appeals. We affirm the judgment of the District Court.

The issue on appeal is:

Did the District Court err when it granted Teresa's motion for summary judgment?

FACTUAL BACKGROUND

Teresa was married to John's son, Johnny Williams, who died on October 26, 1991. Teresa and Johnny had two children, Breein and Jeremiah. At the **time** of his death, Johnny had three life insurance policies, two with the military and one with his employer, the Rebuild Center in Livingston. Teresa was named as the beneficiary on all three policies. On March 4, 1992, Teresa deposited part of the proceeds into two savings certificate accounts at American Federal Savings and Loan.

Both Teresa and John signed the agreement for these accounts and were designated as trustees for the accounts. The parties checked the box for trust accounts on the signature card form, and named Teresa's children, Breein and Jeremiah, as beneficiaries in the event that both Teresa and John died.

2

However, the depositor's agreement for these savings certificate accounts provided that, with a trust account, "[i]f two or more of you create such an account, you own the account jointly with survivorship." According to the depositor's agreement, beneficiaries acquire the right to withdraw only if both trustees die and a beneficiary is still alive.

The agreement also provided that "[t]he person(s) creating . . [this] account . . reserves the right to . . withdraw all or part of the deposit at any time." Thus, the depositor's agreement created joint tenancy accounts, with Teresa and John as joint tenants, and gave either the right to withdraw funds at any time.

Teresa wished to withdraw the funds deposited. American Federal stated that the consent of both parties on the signature card would be required to withdraw funds. John has refused to consent to a withdrawal, although he admits in his deposition that he did not deposit any money into the account and is not claiming any personal right to, or interest in, the money.

On July 6, 1993, Teresa filed her complaint in which she requested ownership and title to the savings certificates. On November 19, 1993, Teresa filed a motion for summary judgment in which she alleged that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. On February 16, 1994, the District Court granted Teresa's motion.

<u>DISCUSSION</u>

Did the District Court err when it granted Teresa's motion for summary judgment?

The standard of review of a district court's summary judgment ruling is identical to that of the trial court. It is a *de novo* review. *Cooper v. Sisters of Charity* (Mont. 1994), 875 P.2d 352, 353, 51 St. Rep. 484, 485 (citing *Minnie v. City of Roundup* (1993), 257 Mont. 429, 431, 849 P.2d 212, 214). We have held that "[s]ummary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P." *Spain-Morrow Ranch, Inc. v. West* (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32.

We have also held that:

> Once the movant [for summary judgment] has discharged its burden of proof under Rule 56(c), it becomes incumbent upon the party opposing the motion to come forward with substantial evidence raising a genuine issue of material fact.

*Berens v. Wilson* (1990), 246 Mont. 269, 271, 806 P.2d 14, 16 (citing *Riley v. Carl* (1981), 191 Mont. 128, 622 P.2d 228)

In its order granting Teresa's motion for summary judgment, the District Court stated that "[i]t is clear from the Depositor's Agreement that [these accounts were] . . . simply . . joint account[s]."

In this case, the depositor's agreement specifically provides that if two or more people create an account and designate it as a

4

trust account, that they "[o]wn the account jointly with survivorship."

John contends that the depositor's agreement created an actual or constructive trust and that, as a co-trustee, his signature is required for withdrawal of any of the funds deposited.

Teresa argues that although the savings certificate accounts were designated as "trust accounts," they are actually joint tenancy accounts because the beneficiaries only receive an interest in the accounts if they are still living when the creators die. Teresa argues that only she or John could claim a present interest in the account. We agree. Furthermore, we can find no factual basis in the record for John's claim that a constructive trust should be imposed pursuant to § 72-33-219, MCA.

In this case, Teresa and John owned the savings certificate as joint tenants pursuant to the depositor's agreement.

We have held that joint tenancy bank accounts "[h]ave a special attribute which allows either joint owner . . to acquire complete control over the entire account." *Seman v. Lewis* (1992) , 252 Mont. 508, 510, 830 P.2d 1294, 1296 (citing **Casagranda v. Donahue** (1978), 178 Mont. 479, 483, 585 P.2d 1286, 1288). Thus, any owner of a joint account can withdraw the entire balance of the account at any time, without the other owner's consent. In addition, the account agreement provided that "[t]he person(s) creating . . . [this] account . . . reserves the right to . . . withdraw all or part of the deposit at any **time.**"

5

We conclude that there is no genuine issue of material fact, and that the savings certificate agreement at American Federal establishes joint tenancy accounts, as the plain language in the depositor's agreement indicates. We also conclude that Teresa is entitled to judgment as a matter of law, since, as the creator of the account, she reserved, by the terms of the agreement, the right to withdraw all of the deposit at any time.

Even if we agreed with John that the deposit agreement created a trust for the children's benefit, the result would be the same. Section 72-33-401, MCA, provides that "[u]nless a trust is expressly made irrevocable by the trust instrument, the trust is revocable by the trustor." According to John's theory, Teresa was the trustor and there was no provision in the deposit document which made it irrevocable.

We conclude that the District Court did not err when it granted Teresa's motion for summary judgment.

The judgment of the District Court is affirmed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7