## HILL v WILSON

Docket No. 156953. Submitted December 20, 1994, at Lansing. Decided March 20, 1995, at 9:15 A.M.

Frederick J. Hill brought an action in the Ingham Circuit Court against Rose C. Wilson, seeking damages for injuries suffered when his motorcycle collided with the rear of the defendant's automobile. It is undisputed that the accident occurred when the defendant slowed or stopped her vehicle in order to avoid both the vehicle in front of her and ducks that were crossing the road. The court, William E. Collette, J., granted summary disposition for the defendant, finding that the plaintiff had failed to maintain a safe distance behind the defendant's vehicle and that the defendant owed no duty to the plaintiff because she was confronted by a sudden emergency. The plaintiff appealed.

The Court of Appeals *held:*

The statutory presumption that a motorist who collides with the rear of another vehicle traveling in the same direction is negligent is not rebutted by a mere showing of a sudden stop. It is evidence of a sudden stop by the preceding driver at a time and place where it reasonably could not be expected by the following driver that creates a factual issue whether the statutory presumption has been rebutted. Sudden stops in heavy, rush-hour traffic should be expected. Because the plaintiff should have anticipated the possibility of traffic slowing or stopping under the circumstances that existed at the time of the accident, no further factual development could have caused reasonable minds to conclude that the statutory presumption of his negligence had been rebutted. Accordingly, the trial court properly granted summary disposition for the defendant.

Affirmed.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 226, 426, 800, 801.

Driver's failure to maintain proper distance from motor vehicle ahead. 85 ALR2d 613.

Automobiles: Sudden emergency as exception to rule requiring motorist to maintain ability to stop within assured clear distance ahead. 75 ALR3d 327.

Sudden or unsignaled stop or slowing of motor vehicle as negligence. 29 ALR2d 5.

AUTOMOBILES — ASSURED CLEAR DISTANCE — PRESUMPTIONS — SUDDEN STOPS.

The statutory presumption that a motorist who collides with the rear of another vehicle traveling in the same direction is negligent is not rebutted by a mere showing of a sudden stop; it is evidence of a sudden stop by the preceding driver at a time and place where it reasonably could not be expected by the following driver that creates a factual issue whether the statutory presumption has been rebutted; sudden stops in heavy, rush-hour traffic should be expected (MCL 257.402; MSA 9.2102).

*Fowler, Tuttle, Clark & Coleman* (by *David M. Clark*), for the plaintiff.

*Denfield, Timmer, Jamo & O'Leary* (by *James S. O'Leary*), for the defendant.

Before: FITZGERALD, P.J., and GRIBBS and M. J. TALBOT,* JJ.

GRIBBS, J. Plaintiff appeals as of right from the circuit court order granting defendant's motion for summary disposition. MCR 2.116(C)(10). We affirm.

Plaintiff was injured when his motorcycle struck the rear of defendant's car. The collision occurred on a two lane highway shortly after 4:30 P.M. on a work day. Traffic was heavy. Defendant was driving her car well below the speed limit, and plaintiff was directly behind defendant on his motorcycle. Although plaintiff did not see them, a family of ducks apparently crossed the road both in front of defendant's car and in front of the car ahead of defendant's. The road on which they were driving runs along a lake, and defendant testified that duck-crossings are not uncommon. Plaintiff pulled to the left to pass defendant's car, but was unable to complete the pass because of oncoming traffic. When plaintiff reentered the lane, defendant's car

* Circuit judge, sitting on the Court of Appeals by assignment.

slowed down or stopped. Defendant testified that the car ahead of her slowed down to avoid the ducks ahead of it and that she also slowed down both to avoid the car and to avoid ducks in front of her. Plaintiff testified by deposition that he normally leaves about four or five "bike lengths" between his motorcycle and the car ahead. Plaintiff estimated that he was approximately three bike lengths behind defendant's car when defendant's brake lights lit up. Plaintiff testified that although he believed he was a safe distance behind defendant, he was unable to stop because defendant braked too abruptly. Plaintiff collided with the left rear bumper of defendant's car. There was no evidence of shrieking brakes or skid marks, and defendant's car did not swerve. There was other traffic behind plaintiff's motorcycle, but no other collisions occurred. In short, a whole line of vehicles stopped abruptly, but only plaintiff was unable to do so safely.

The trial court found that plaintiff had a duty to travel at a reasonable speed and to maintain a safe distance behind defendant's car. The trial court noted that stopping for obstructions in the road ahead is a "proper activity" for a motorist and should be anticipated by other drivers. The trial court found that defendant did not owe to plaintiff a statutory duty of due care in stopping, because she was "confronted with an emergency in the road." We disagree that the sudden emergency doctrine applies in this case. Far from being a sudden emergency, we find the phenomenon of motorists being forced to make unanticipated stops is a common occurrence during rush hour. However, despite our disagreement with some of the trial court's reasons, we agree with its result.

The trial court succinctly responded to plaintiff's claim that defendant should have hit the ducks, if

necessary, and avoided the accident, by saying:
"This is ridiculous. This case is bad. Suing people
because they stop for an animal on the roadway.
This case is dismissed."

As the trial court implicitly recognized, there is
ample statutory guidance on this matter. Plaintiff
relies on MCL 257.648(1); MSA 9.2348(1), which
provides that a motorist in defendant's position is
required, "before stopping or turning from a direct
line," to "first see that the stopping or turning can
be made in safety." However, a person driving
behind a vehicle, such as plaintiff was in this case,
has a duty to travel at a speed and distance
behind the other motorist that will allow them to
stop within a clear distance ahead. MCL
257.627(1); MSA 9.2327(1).

Plaintiff had a statutory duty not to attempt to
pass defendant's vehicle unless "the left side . . .
[was] clearly visible and . . . free of oncoming
traffic for a sufficient distance ahead to permit the
overtaking and passing to be completely made
without interfering with the safe operation" of
other vehicles. MCL 257.638; MSA 9.2338.

Plaintiff also had a duty not to follow defen-
dant's car "more closely than is reasonable and
prudent." MCL 257.643(1); MSA 9.2343(1). Indeed,
any motorist who collides with the rear of another
vehicle traveling in the same direction is pre-
sumed negligent, although that presumption is
rebuttable. MCL 257.402; MSA 9.2102. *Lucas v
Carson,* 38 Mich App 552, 557; 196 NW2d 819
(1972).

The parties cite no Michigan case law applying
comparative negligence principles to analogous
circumstances, and we find none. However, we find
it instructive to visit recent decisions of other
states that also apply comparative negligence.

Florida law has a statutory presumption of neg-

ligence where a driver collides with the vehicle ahead. Indeed, in Florida, evidence that the driver of the leading vehicle made a sudden and unexpected stop is sufficient to rebut the presumption of negligence. Even so, the abrupt stop by the driver of the leading vehicle in *Kao v Lauredo,* 617 So 2d 775 (Fla App, 1993), was insufficient to create a factual issue and overcome the presumption of negligence on the part of the following driver. The evidence in *Kao* established that the following driver was driving in a careful manner, but that the car ahead of him stopped in an abrupt manner. The Florida court rejected the following driver's argument, reasoning that "the sudden stop happened at a place and time where it was reasonably expected—on a heavily congested city street during rush hour." *Id.* at 777.

"It is not merely an 'abrupt stop' by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. It is a sudden stop by the preceding driver *at a time and place where it could not reasonably be expected* by the following driver that creates the factual issue." [*Id.,* quoting *Pierce v Progressive American Ins Co,* 582 So 2d 712 (Fla App, 1991).]

In both *Pierce* and *Kao,* the Florida court concluded that there was no factual issue that would survive a motion for summary disposition or a directed verdict. The Florida court reasoned that the presumption of negligence on the part of the following driver cannot be rebutted by a mere showing of an abrupt stop. It is evidence of a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates a factual issue. In

this case, as in *Pierce* and *Kao,* the parties were driving in heavy, rush-hour traffic where sudden stops should be "reasonably expected." *Pierce,* supra at 714; *Kao,* supra at 777. See also *Hendrickson v Pocha,* 245 Mont 217; 799 P2d 1095 (1990).

We find this reasoning persuasive and agree with the trial court that it is a "proper activity" of a motorist to slow down or brake for objects that enter the roadway ahead. Questions concerning whether defendant stopped or merely slowed, whether she braked in order to avoid hitting a car or a family of ducks, and whether plaintiff was three or five bike lengths behind are all of no import. Any motorist in heavy traffic should anticipate that unexpected events may cause drivers ahead to slow down or stop. Giving every benefit of the doubt to the nonmoving party, no record could be developed in this case on which reasonable minds might differ. *Hutchinson v Allegan Co Bd of Rd Comm'rs (On Remand),* 192 Mich App 472, 475; 481 NW2d 807 (1992). Summary disposition was properly granted in this case.

Affirmed.